## M. CHILDS *v.* G. A. WILSON.

In a redhibitory action, the plaintiff must sue to avoid the sale and to recover back the price. Before he can recover the price, he must sue for and obtain, in the form prescribed by law, the avoidance of the sale.

The right of a purchaser to recover damages for the value of animals, that have contracted a redhibitory disease, from those that were purchased, arises *ex delicto*, and cannot form the basis of a suit by attachment.

APPEAL from the District Court of the Parish of Jackson, *Richardson*, J. *Morrison & Purvis*, for plaintiff and appellant. *McGuire & Ray*, for defendant.

LAND, J. The plaintiff sues to recover the amount of two promissory notes, given by him for the price of a horse and mule purchased by him from the agent of the defendant; he also sues to recover the value of two other horses, on the grounds, that at the time the agent of the defendant sold to him the first named horse and mule, they were unsound and affected with a contagious disease called " Glanders," of which the mule died, and which rendered the horse worthless ; and that the " two other horses " contracted the disease from the horse and mule, and have died or been rendered valueless by it.

The defendant is a non-resident, and the suit was commenced by attachment. His attorneys moved the court to dissolve the attachment, for the reasons, that plaintiff's petition shows no actual indebtedness of the defendant, and none is sworn to ; and that plaintiff's demand is predicated on a claim for unliquidated damages which cannot be used as the basis of an attachment.

The plaintiff does not sue to avoid the sale, and recover back the notes given for the price ; in other words, this is not a redhibitory action ; but he sues for the price, without seeking to disturb or annul the contract of sale, under which the horse and mule came into his possession, and under which he executed and delivered his notes to the defendant. This the plaintiff cannot do ; before he can recover the price, or the notes given for the price, he must sue for and obtain, in the form prescribed by law, the avoidance of the sale.

In respect to the promissory notes, therefore, the plaintiff's petition discloses no cause of action, or actual indebtedness of the defendants to him.

As to the demand for the value of the two horses that contracted the disease after the sale, the right of action is *ex delicto*, and cannot form the basis of a suit by attachment.

It is, therefore, ordered, adjudged and decreed, that the judgment of the lower court be affirmed, with costs.