(107 So. 459)

No. 25392.

**HENDERSON v. LEONA RICE MILLING CO.**

(Feb. 1, 1926.    Rehearing Denied March 1, 1926.)

*(Syllabus by Editorial Staff.)*

1. **Sales** ⊕⇒425—Action to recover difference between value of rice harvested and amount it would have been worth if seed had been as represented held not a redhibitory action or action quanti minoris (Civ. Code, art. 2520).

Action to recover difference between value of rice harvested and price it would have been worth if seed had been as represented by seller held not a redhibitory action, within Civ. Code, art. 2520, or an action quanti minoris, but one for damages for breach of contract of sale and violation of covenant of warranty.

2. **Sales** ⊕⇒124—Return of thing sold is indispensable to support a redhibitory action (Civ. Code, art. 2520).

Return of thing sold is indispensable to support a redhibitory action under Civ. Code, art. 2520, and vendee who has, by selling goods, disabled himself from returning goods, cannot recover in such action.

3. **Sales** ⊕⇒273(1).

Under Civ. Code, art. 2475, seller is bound to deliver thing sold and to warrant it as fit for purpose for which it is purchased.

4. **Sales** ⊕⇒271—Defense that rice delivered was as represented by sample held not a defense where defendant was experienced dealer in rice and knew that plaintiff, who was inexperienced, wanted rice of superior quality (Civ. Code, arts. 1934, 2475, 2545).

In action to recover difference between value of rice harvested and amount it would have been worth if seed had been as represented by seller, defense that rice delivered was as represented by sample held not available, in view of Civ. Code, arts. 1934, 2475, 2545, where it appeared that defendant was experienced dealer in rice and knew that plaintiff, who was inexperienced, wanted rice of the superior quality.

5. **Sales** ⊕⇒262½.

As parties hold themselves out to purchaser, or permit such to be done, so will they be bound in their contracts.

6. **Evidence** ⊕⇒66.

Whatever a party should know and has opportunity of knowing he is presumed, as to innocent persons, to have known.

7. **Sales** ⊕⇒284(1, 2).

Where buyer is deceived in quality of goods delivered he may recover damages as for breach of contract and covenant of warranty, whether deceived by error or by design of seller.

8. **Limitation of actions** ⊕⇒95(1)—Prescription; action by buyer, brought within one year after discovery of vice in goods sold, of which seller had knowledge, held not barred by prescription.

Action to recover difference between value of rice harvested and amount it would have been worth if seed had been as represented by

seller, brought within one year after discovery by buyer of vice of which seller had knowledge, *held* not barred by statute of limitations.

9. Sales &=442(11)—Damages for failure of seed rice to conform to warranty of quality held difference in amount received for crop raised and price it would have brought in open market if seed had been as represented.

Where seed rice was not as warranted, but of inferior quality, proper measure of damages *held* difference in amount received for crop raised and price it would have brought on open market for milling purposes if seed had been as represented.

Appeal from Civil District Court, Parish of Orleans; Percy Saint, Judge.

Action by George Henderson against the Leona Rice Milling Company. From the judgment rendered, both parties appeal. Judgment amended and affirmed.

Denegre, Leovy & Chaffe, of New Orleans (James Henry Bruns, of New Orleans, of counsel), for appellant.

Borah, Himel, Bloch & Borah, of Franklin, for appellee.

THOMPSON, J. This is an action for damages growing out of a purchase by the plaintiff from defendant of 80 sacks of seed rice in the early spring of 1919.

The purchase was made through an authorized agent of defendant, and upon exhibition of a sample which was represented as Honduras rice.

The 80 sacks were shipped to and received by plaintiff and planted for the crop of 1919.

About the time or just before the crop began to mature, it was discovered that, instead of being pure Honduras rice, which the defendant's agent had represented it to be, and which the sample on which the purchase was made indicated it to be, it was a mixture of Honduras, Carolina, and Red, and this mixture was confirmed when the crop was harvested and put on the market.

The crop produced was 1,107 barrels, and netted the plaintiff $10,378.23 which, according to the allegations of the petition, was $1 less per barrel than the entire crop could have been sold for if the rice planted had been Honduras and free from mixture.

This suit is to recover this difference, and, in addition thereto, the sum of $1,600 which plaintiff had to pay for seed rice for his crop of 1920, not being able to use the mixed rice for planting purposes.

A further claim of $2,500 is made on the ground that if the 1,107 barrels had been pure Honduras and not a mixed rice the plaintiff could have sold the entire crop for seed rice, seed rice commanding a higher price than milling rice.

The defense is a plea of prescription of one year against the action, a denial of any liability whatever, and the averment that the seed rice was sold on exhibition of sample, and that the 80 sacks was good Honduras rice as represented by the sample.

There was judgment in plaintiff's favor for $1,100, representing the difference between the amount for which the crop was actually sold and the amount for which the crop could have been sold had the rice planted been of the pure Honduras quality.

The plaintiff has joined in the appeal, and asked that the judgment be amended so as to allow the full amount of his demand.

In support of the plea of prescription it is contended that the plaintiff's suit is a redhibitory action, or an action quanti minoris, and that more than one year elapsed between the date of the sale of the 80 sacks of rice and the date of institution of the suit.

[1] In our opinion the plaintiff's action does not fall within either one of the classes named.

"Redhibition is the avoidance of a sale on account of some vice or defect in the thing sold, which renders it either absolutely useless, or its use so inconvenient and imperfect, that it must be supposed that the buyer would not have purchased it, had he known of the vice." C. C. art. 2520.

The plaintiff here could not have instituted the redhibitory action for the very obvious reason that the fact that the rice was not such as plaintiff thought he was buying, and as was represented to him by defendant's agent, was not discovered until long after the sale and after the rice had been planted and was growing in the field and virtually ready for harvest.

[2] This court has more than once held that a return of the thing sold is indispensable to support a redhibitory action, and that a vendee, by selling, has disabled himself from returning the thing and cannot recover in such an action. George v. Shreveport Cotton Oil Co., 38 So. 432, 114 La. 503.

The use of the rice for planting purposes placed it beyond the power of the plaintiff to return the particular rice more effectually if possible than a sale would have done.

Nor can the action be properly classed as one in reduction of the price. The plaintiff nowhere in his petition asks for a reduction of the price he paid for the seed rice because of the alleged vice.

Under the allegations of the petition and the facts established by the evidence, the action may be said to be one for damages on account of a breach of the contract of sale and an active violation of the covenant of warranty.

[3] The seller is bound to two principal obligations—that of delivering the thing sold and that of warranting the thing sold as fit for the purposes for which it was purchased. C. C. art. 2475.

Even when the debtor (in this case the seller) has been guilty of no fraud or bad faith, he is nevertheless liable for such damages as were contemplated or may reasonably be supposed to have entered into the contemplation of the parties at the time of the contract. C. C. art. 1934.

The allegations of the petition and the proof show that the defendant company were dealers in rice with a long and extended experience in the purchase and sale of that commodity and possessed technical knowledge of the various grades of rice and knew the difference between Honduras and Carolina rice.

The plaintiff was inexperienced as a rice grower, this being, the first year he had ever attempted to grow rice, and necessarily had to rely on the good faith and the expert knowledge of the defendant company.

The defendant also knew that the plaintiff wanted pure Honduras rice and no other kind for planting purposes.

[4] In these circumstances it must be assumed that the defendant knew, and it must be held to have known, that the rice shipped to the plaintiff was not the rice purchased by him and as represented by the sample.

[5] As parties hold themselves out to a purchaser, or permit this to be done, so will they be bound on their contracts.

[6] Whatever a party should know and has opportunity of knowing, he is presumed, as to innocent persons, to have known. These are legal principles so well recognized as to need no citation of authority to support them.

[7] The plaintiff was unquestionably deceived in the quality of the rice delivered to him, and whether he was thus deceived by error or design on the part of defendant cannot vary the right of the plaintiff to damages as for a breach of contract and covenant of warranty, nor limit the right of plaintiff to a reduction of the price, which in this case would amount to a mere nominal sum.

However, it is immaterial, we think, whether the plaintiff's suit be regarded as arising ex contractu or as one quanti minoris, since a claim for damages may well be included in an action for the reduction or diminution of price.

Article 2545, Civil Code, declares that the seller, who knows the vice of the thing he sells and omits to declare it, besides the restitution of the price and repayment of the ex-

penses, is answerable to the buyer in damages.

In the Shreveport Cotton Oil Case, supra, this court said:

"A claim for damages may well be embodied by a plaintiff in his action for a reduction of the price.

"He may fail in that particular feature of his demand [claim for damages] by reason of the special facts of the case, but the action would none the less be still an action quanti minoris, though it would be one with additional factors embraced in it."

So that, if plaintiff's suit be considered as one for the reduction of price (which it is not), yet it contains facts and embraces "additional features" which take it out of the rule of one-year prescription.

[8] This prescription has no basis to rest on where, as in this case, the seller had knowledge, actual or imputed, of the vice of the thing he sells and omits to declare it, and where the action is brought within a year from the discovery of such vice by the buyer. Christie & Lowe v. Penna Iron Works, 54 So. 742, 128 La. 208.

This suit was brought well within the year following the discovery that the rice plaintiff received was not pure Honduras rice.

We shall not go into the evidence in detail bearing on the quality of the 80 sacks of seed rice.

That the plaintiff purchased and paid for pure Honduras rice is admitted. That the rice delivered to the plaintiff by the defendant and planted by plaintiff was a mixture of Honduras, Carolina, and Red, is fully established by the evidence.

The suggestion of the possibility of the railroad company having made a mistake and delivered other rice than that shipped by the defendant can find no support in the record.

As we have previously stated, the total crop produced amounted to 1,107 sacks, and which sold for $10,378.23, or an average price of $9.37½ cents per sack.

[9] It is shown by the evidence that, had the plaintiff's rice been pure Honduras rice, it would have brought on the open market for milling purposes at least $10 per sack, making a difference between what the rice was sold for and the price it would have brought of 62½ cents per sack.

This difference, we think, is the measure of defendant's liability, with the additional amount as hereafter determined. We do not think the evidence justifies the fixing of the loss at $1 per sack as found by the lower court.

The evidence shows that the rice produced, owing to the mixture with Carolina and Red, could not be sold as Honduras rice for planting purposes. A lot of the rice, consisting of 250 sacks, had been engaged at $15 per sack for planting purposes, but the purchaser would not accept the rice when it was ascertained not to be pure Honduras rice. The plaintiff therefore suffered a clear loss of the difference between $15 and the average price for which the crop was sold.

It is also established that the plaintiff had to buy 75 sacks of seed rice for the crop of 1920, not being able to save his seed from the crop produced for the reason already given.

On this item the plaintiff is entitled to the difference between $15, the price of seed rice, and the average price for which the crop was sold.

In estimating the damage sustained, the number of bags embraced in the last two mentioned items should be deducted from the 1,107 bags, as otherwise there would be a double allowance.

It is not shown that the plaintiff offered to sell or could have sold his entire crop as seed rice had it been pure Honduras.

Hence his demand on this score must be limited as herein above indicated.

Our opinion is that the evidence fully sustains the following items of the plaintiff's demand: 782 sacks at 62½ cents per sack, $488.-

75; 325 sacks at $5.62½ cents per sack, $1,828.12.

The judgment should be amended accordingly.

It is therefore ordered and decree that the judgment appealed from be amended by increasing the amount thereof to the sum of $2,316.87, with 5 per cent. per annum interest thereon from judicial demand, to wit, February 25, 1920, until paid; and, as thus amended, said judgment is affirmed.