No. 4064

Second Circuit

(Second Division)

---

BREWSTER v. SHREVEPORT BRASS WORKS, INC., ET AL.

---

(May 4, 1932.   Opinion and Decree.)

---

Pugh, Grimmet & Boatner, of Shreveport, attorneys for plaintiff, appellant.

Blanchard, Goldstein, Walker & O'Quinn, of Shreveport, attorneys for appellant Shreveport Brass Works, Inc.

Herold, Cousin & Herold, of Shreveport, attorneys for appellee Chase Companies, Inc.

STEPHENS, J. In November, 1922, the plaintiff, H. C. Brewster, purchased from the defendant, the Shreveport Brass Works, Incorporated, a retail dealer, certain brass pipe and brass pipe fittings for use in the water system of the Jefferson Hotel building, which he was constructing in the city of Shreveport, La.

While the fittings were being installed in February, 1923, it was discovered that some of them were defective. The defendant replaced the defective fittings with others which proved sound and satisfactory, and at that time nothing was said with reference to the cost of labor incurred thereby, which was paid by plaintiff.

The brass pipe was installed soon after its purchase, throughout the entire hotel, and gave satisfaction on the first, second, and third floors of the building; but, about five years after its installation, the pipe in the hot water system above the ceiling of the fourth floor developed slight leaks which necessitated its removal, and replacement with other pipe.

This suit was instituted on March 9, 1928, for the purpose of recovering $324.60, the cost of labor in replacing the defective fittings with sound ones, and $815.13, the cost of procuring and installing new pipe in the place of that which it was necessary to remove.

It is alleged by plaintiff that the fittings were sold for a specific purpose, and that the defendant warranted that they would serve that purpose; that their admitted failure to do so constituted a breach of defendant's warranty which was not fully discharged by furnishing sound fittings, but that plaintiff should recover the amount expended for labor in replacing the defective ones.

It is further alleged that the defendant warranted that the pipe sold would neither leak, rust, nor corrode, and that water, clean and uncolored by sediment, and with full volume, would flow through said pipe, but that conditions developed which constituted a breach of defendant's warranties in all of these respects, due to defects in the material and workmanship which entered into the manufacture of said pipe, and to the incorrect proportions of copper and zinc in its composition, which rendered it unfit for use in the city of Shreveport where the water was highly corrosive.

The plaintiff prayed for judgment for the sums above stated.

The defendant answered, averring that its obligation to the plaintiff in regard to the brass fittings was fully discharged by its having replaced those found defective; and denying that the brass pipe was defective in any particular. It further averred that the pipe was purchased by it from the Chase Brass & Copper Company, Incorporated, which said company warranted it free from defects; and it caused said company to be called in warranty.

The warrantor answered and averred that the pipe sold by it to the defendant was free from defects; but denied any obligation of warranty.

After the case was tried and submitted in the district court, a plea of prescription of one year was filed by the defendant. Judgment was rendered sustaining the plea of prescription as to the claim of $324.60 for cost of labor in replacing the defective fittings, and non-suiting plaintiff's demand of $815.13 for damages for breach of warranty in the sale of the pipe. Both the plaintiff and the defendant appealed from said judgment.

The plea of prescription of one year is founded on the proposition that plaintiff's action is one in redhibition, or reduction of the price; and, as this suit was instituted more than four years after the sale, the discovery of the defect in the fittings, and their replacement, it is subject to the limitations provided by articles 2534 and 2546 of the Civil Code:

Article 2534:

"The redhibitory action must be instituted within a year, at the farthest, commencing from the date of the sale.
"This limitation does not apply where the seller had knowledge of the vice and neglected to declare it to the purchaser."

Article 2546:

"In this case, the action for redhibition may be commenced at any time, provided a year has not elapsed since the discovery of the vice."

The form of action governs the matters of prescription. Martin v. Texas Company, 150 La. 556, 90 So. 922; Sims v. New Orleans Ry. & Light Co., 134 La. 898, 64 So. 823. This case is certainly not presented in the form of a redhibitory action, nor one quanti minoris, but appears to be in all particulars precisely what the counsel for the plaintiff designate it—an action for the recovery of damages for a breach of warranty.

The Supreme Court, however, has held in George v. Shreveport Cotton Oil Company, 114 La. 498, 38 So. 432, 434, that an action of the character here considered is in the nature of an action quanti minoris, and is governed by the conditions, rules, and limitations of such actions.

The cited case, as the present case, was an action for damages for breach of warranty. The court said:

"Plaintiff's action is not a redhibitory action. It is an action quanti minoris, claiming damages under the state of facts declared upon."

In the same case it is further stated:

"A claim for damages may well be embodied by a plaintiff in his action for a reduction of the price. He may fail in that particular feature of his demand by reason of the special facts of the case, but the action would none the less be still an action quanti minoris, though it would be one with additional factors embraced in it, which would affect the question of prescription, and the extent of the relief which should be granted. Paraphrasing what Laurent says, speaking of an action 'recursoire' (volume 24, sec. 303), the demand, being born of the action in warranty for the vices of the thing sold, proceeding from the same cause, and subjected for its justification to the same rules, is necessarily controlled by the same condi-

tions in its exercise, and cannot claim a greater limit for its duration than it does."

On this issue, the plaintiff cites Henderson v. Leona Rice Milling Co., 160 La. 597, 107 So. 459, 461, as an action for damages for breach of a contract of sale and an active violation of the covenant of warranty, in which the Supreme Court held that articles 2534 and 2546 were not applicable. The ruling in that case is not pertinent here, as the action was commenced well within a year of the discovery of the defect. We quote from the opinion:

"This suit was brought well within the year following the discovery that the rice plaintiff received was not pure Honduras rice."

The plea of prescription, we think, was properly sustained by the trial court, and plaintiff's claim growing out of the sale of the fittings thereby correctly disposed of.

With reference to the sale of the pipe, the trial judge held that the record did not support the plaintiff's allegations of express warranty. A careful study of the evidence on this question has convinced us of the correctness of that ruling.

The plaintiff advances one other theory for recovery, and that is an implied warranty.

Whatever may be the form or character of the action (the question of express warranty being eliminated), there is one fundamental fact which must have been established as a basis for recovery; and that is, that the pipe was defective at the time of sale.

We are of the opinion that the pipe was not defective at the time of sale, and that those defects which subsequently developed were the natural consequences resulting from the unusual conditions to which the pipe was subjected.

The law of this state does not imply a warranty that an article sold will serve a special purpose. But, if we assume in this case the existence of such warranty, no breach thereof has been established. The evidence clearly discloses that the pipe sold the plaintiff was not defective, but, on the contrary, was the best pipe obtainable in the markets of the world, for the special purpose for which it was to be used. It is true that it was shown that, if by special order the plaintiff had caused to be manufactured brass pipe containing a greater proportion of copper, it would have served him under the special conditions existing for a much longer period of time; but, as suggested by the experts who testified, the cost would have been prohibitive. It is a most significant fact that the plaintiff replaced the pipe which he had removed with brass pipe of its identical composition. If the plaintiff was not convinced, after using the pipe for five years, that it was the best that could be purchased for his special purposes, what prompted him to replace it with pipe of the identical kind and composition?

As the evidence discloses, (without attempt at refutation) that the defendant sold the plaintiff the best article obtainable for the purpose, and that the article was free from defect when the sale was made, we are of the opinion that the defendant has discharged the obligation arising from an implied warranty, and that therefore the plaintiff's demand for damages for breach of warranty of the pipe should be rejected.

For the reasons assigned, it is ordered, adjudged, and decreed that that portion of the judgment appealed from which decrees the dismissal of plaintiff's demand as of non-suit be amended so as to order the rejection of said demand; and that the judgment, as thus amended, be affirmed.