## HERMANOS et al. v. MATOS.
### No. 3029.

Circuit Court of Appeals, First Circuit.
Feb. 12, 1936.

BINGHAM, Circuit Judge, dissenting.

———◇———

Martin Travieso, of San Juan, Puerto Rico, for appellants.

---

Heriberto Torres-Sola, of San Juan, Puerto Rico (Ralph Bosch, of New York City, of counsel), for appellee.

Before BINGHAM and MORTON, Circuit Judges, and MORRIS, District Judge.

MORTON, Circuit Judge.

This is an appeal by the plaintiffs from a judgment of the Supreme Court of Puerto Rico dismissing their complaint. The facts are not now in dispute, the findings of the court of first instance, the District Court of San Juan, having been confirmed by the Supreme Court. The principal question is whether the plaintiffs' suit is barred by the short statute of limitations applying to redhibitory actions.

The plaintiffs contracted to buy from the defendant a herd of 122 dairy cattle for $18,000; the cattle were delivered, and the full agreed consideration was paid for them in cash and property. Within a short time it developed that many of the cattle were infected with tuberculosis, a contagious disease. Seventy-two of them died or had to be killed for that reason. The exact number infected at the time of delivery is not stated. In the opinion of the Supreme Court it is said: "From the evidence, that court (the District Court) had the right to find that a great number of the cows sold were affected by tuberculosis at the time of the sale." The plaintiffs tendered back the sound cattle and demanded the return of the entire consideration which had been paid for the herd. The tender and the demand having been refused by the defendant, the present suit was instituted.

The District Judge held that there had been a failure of consideration on the part of the defendant; that the plaintiffs were entitled to recover back the entire consideration which had been paid by them; and that the defendant should take back the remaining cattle. On the defendant's appeal this judgment was reversed by the Supreme Court of Puerto Rico, which held that the plaintiffs' action did not rest on failure of consideration, but was redhibitory in character and was therefore subject to the forty-day statute of limitation above referred to. As the action had not been brought within this period, judgment was given for the defendant, from which the present appeal was taken.

The provision of the Puerto Rico Civil Code which in the opinion of the Supreme Court barred the plaintiffs' action reads as follows:

"Sec. 1399. The redhibitory action, based on the vices or defects of animals, must be instituted within forty days, counted from their delivery to the vendee, unless, by reason of the customs in each locality, longer or shorter periods are established.

"This action in the sale of animals may only be enforced with regard to the vices and defects of the same, determined by law or by local customs." Revised Statutes and Codes of Puerto Rico 1913, § 4505.

This section relates only to redhibitory actions, and the principal point of controversy is whether the plaintiffs' action is of that character.

"Redhibitory actions," as defined in the Supreme Court opinion, are those in which the vendee alleging a breach by the vendor of an express or implied warranty in a sale seeks to return the thing sold or part of the thing sold and to recover back all or a part of the price paid. See, too, Childs v. Wilson, 15 La.Ann. 512; Henderson v. Leona Rice Milling Co., 160 La. 597, 107 So. 459; and Enciclopedia Juridica Espanola, vol. 26, p. 884, referred to in the opinion of the Supreme Court. There appears to be no question but what a valid sale sufficient to support a warranty by the vendor is an essential foundation of an action of redhibition. In the present case the District Judge held that under section 1397 (Revised Statutes and Codes of Puerto Rico 1913, § 4503) tuberculous cattle could not be the subject of a contract of sale, that there had been no sale of the infected cattle, that as to them the plaintiffs' action was not redhibitory, and that the plaintiffs were not obliged to accept the sound cattle delivered with the diseased ones, but might reject the whole delivery and recover the entire consideration. For cases resting on failure of consideration a different and much longer statute of limitations applies. The Supreme Court held that there had been a valid sale of the diseased cattle which the plaintiffs were seeking to rescind and that the action was redhibitory.

The question depends on the true construction of section 1397, which reads as follows:

"Animals and cattle suffering from contagious diseases shall not be the object of a contract of sale. Any contract made with regard to the same shall be void.

"A contract of sale of cattle and animals shall also be void, when the use or service for which they are acquired being stated, they are found to be useless therefor."

The Supreme Court, following the commentator Scaevola, held that this section did not make contracts for the sale of tuberculous cattle *void*, but only *voidable*, subject to rescission at the option of the vendee; that if the vendee elected to rescind he must return to the vendor the tuberculous cattle; that the action was accordingly redhibitory and was barred by section 1399, supra.

This construction does great violence to the language used. It completely ignores the first·sentence of the section, viz., that "animals and cattle suffering from contagious diseases shall not be the object of a contract of sale," and it reads "void" as "voidable." Other sections of the Penal Code deal with the same subject-matter, i. e., *cattle infected with contagious diseases*, and must be considered in this connection.

"Sec. 351. Any person who shall knowingly sell, or offer for sale, or use, or expose, or who shall cause or procure to be sold or offered for sale, or used, or exposed any horse, mule, or other animal having the disease known as glanders, or any other contagious or infectious disease, shall be guilty of a misdemeanor." Revised Statutes and Codes of Puerto Rico 1913, § 5803.

"Sec. 352. Every animal having glanders or any other contagious or infectious disease shall at once be deprived of life by the owner or person having charge thereof, upon discovery or knowledge of its condition; and any such owner or person omitting or refusing to comply with the provisions of this section shall be guilty of a misdemeanor." Revised Statutes and Codes of Puerto Rico 1913, § 5804.

"Sec. 356. Every person who owns or has the custody of any cattle, horses, mules or asses infected with a contagious disease, and fails to immediately report the same to the insular health authorities, or conceals the existence of such disease, or attempts so to do, or wilfully obstructs

or resists the said health authorities in the discharge of his (their) duty as provided by law, or sells, gives away or uses the meat or milk, or removes the skin or any part of such animal, is punishable by fine not exceeding three hundred dollars or imprisonment in jail not exceeding one year, or both, in the discretion of the court." Revised Statutes and Codes of Puerto Rico 1913, § 5808.

"[Law of March 14, 1907.] Every person who knowingly sells or disposes of to another person any animal infected with or laboring under any infectious or contagious disease, or the meat, skin, hide, horns, hoofs, or any other part of an animal infected with or laboring under any infectious or contagious disease at the time of its death, shall be deemed guilty of a misdemeanor, and, upon conviction thereof, shall be subject to a fine of not less than one hundred dollars and not more than one thousand dollars or imprisonment in jail for not less than one month, nor more than one year, or to both such fine and imprisonment." Revised Statutes and Codes of Puerto Rico 1913, § 118.

These sections, in connection with others which it is unnecessary to quote, taken together, form a plan for dealing with the menace to public health occasioned by diseased animals. Section 1397 is obviously an integral part of this plan and should be so considered. The Supreme Court of Puerto Rico does not seem to have had this aspect of the matter in mind. It is not referred to in the opinion, nor are the sections just quoted referred to. It is said by the court that the purchaser of a cow upon discovering that she has incipient tuberculosis has an election whether to keep her or to return her to. the vendor. "To recover the price, he must return the animal. It is entirely at his election to retain the cow." These views cannot be reconciled with the provisions of the sections above quoted which make criminal the sale or use of infected cattle knowing them to be so, and require the custodian of cattle found to be infected to kill them at once. It is contended by the appellants that the great weight of opinion by the commentators on the Spanish and other codes which contain sections substantially like 1397 is adverse to Scaevola's view on this point, and to the view taken by the Supreme Court of Puerto Rico. We do not think it necessary to consider this aspect of the matter; nor indeed upon such a ques-

tion should we set our judgment against that of the Supreme Court of Puerto Rico. We recognize that the question before us is one on which the opinion of that court carries great weight and ought not to be set aside unless demonstrably erroneous; and we bear in mind the caution which must be exercised in dealing with such matters. B. Fernandez & Bros. v. Ayllon y Ojeda, 266 U.S. 144, 146, 45 S.Ct. 52, 69 L.Ed. 209. But we see no escape from the conclusion that the Supreme Court of Puerto Rico overlooked important provisions of law and erred in disregarding the plain language of section 1397. There is no suggestion that the language of the section is ambiguous, but only that it is ill-advised and mistaken. In Helvering v. City Bank Farmers Trust Co., 56 S.Ct. 70, 72, 80 L.Ed. ——, United States Supreme Court, November 11, 1935, it was said: "We are not at liberty to construe language so plain as to need no construction." We do not understand that the Supreme Court of Puerto Rico has greater powers. See, too, Thompson v. United States, 246 U.S. 547, 551, 38 S.Ct. 349, 62 L.Ed. 876.

We think it clear that cattle having contagious diseases are, in Puerto Rico, out of the commerce of man and cannot be made the object of a contract of sale. In attempted sales of such cattle no contract arises because there is no "definite object which may be the subject of the contract" as required by section 1228 (Revised Statutes and Codes of Puerto Rico 1913, § 4334). There being no contract, there is nothing to rescind and, no property being in the vendee's possession that can lawfully be returned, there is nothing to return. There being no contract of sale on which a warranty, express or statutory, could rest, an action to recover back the price would not be redhibitory, and the prescription period of forty days or of six months (sections 1393, 1399 [Revised Statutes and Codes of Puerto Rico 1913, §§ 4499, 4505]) would not apply. Furthermore, under the law of Puerto Rico when a contract lacks any one of the essentials prescribed in section 1228, no contract exists; and no declaration of nullity is necessary before an action may be brought to recover the price. See Valiente & Co. v. Succession of Abdon Fuentes Marrero, 76 F.(2d) 78 (C.C.A.1). The deliveries of tuberculous cattle by the defendant to the plaintiffs amounted to nothing at all; and the payments made for them by the vendee in money and property were entirely without consideration. The action to recover such payments is not a redhibitory action and is not limited by the forty day provision of section 1399 or by the six months provision of section 1393.

If the herd of cattle which were sold be regarded as a unit and as the thing which was sold, a different result would be reached because about fifty of the cattle were sound and were legitimate objects of sale. The thing sold was not therefore completely unlawful as an object of commerce; the good portion of it would pass to the vendee and would have to be returned by him if he elected to rescind; the action would be redhibitory in character and would be limited by the provisions of section 1399. The Supreme Court of Puerto Rico did not, however, so regard the transaction. It said: "We have the idea that when cattle are sold, even for a dairy, the animals are sold individually. It is a distributive sale. It makes no difference that the sale was for a lump sum. With the exceptions noted in the chapter, only the cattle affected with a redhibitory vice" (the Supreme Court regarded tuberculosis as being of that character), "under all the codes and the commentators that we have seen, may be returned. * * * *The defendant had a clear right to insist that the contract was good for the cattle that were sound.* * * * Before concluding this opinion we desire to say, and this appears possibly from our general considerations, that *the plaintiffs never had the right to the cancellation of the whole contract, but only to bring a redhibitory action for the animals that were suffering from or died of a contagious disease.*" (Italics supplied.)

There are great difficulties in dealing with the sale of a herd of cattle for dairy purposes as a unitary thing on questions of this character. The views of the Supreme Court of Puerto Rico on this point certainly cannot be said to be clearly wrong.

To summarize: In the trial court the plaintiffs put their claim on the herd basis; they endeavored to rescind the entire transaction and get back the full consideration which had been paid; and they were held entitled to do so. On appeal the Supreme Court held that the sale could not be given this unitary character, but must be considered with respect to the individual animals; and that view stands. In its de-

cision that, as to the tuberculous cattle, a contract was entered into and the plaintiffs' rights were of redhibitory character and subject to the limitation of section 1399, the Supreme Court fell into error.

It follows that the judgment appealed from must be reversed, and the cause remanded to the District Court of San Juan, with instructions to permit the plaintiffs to amend if they are so advised. As we understand the opinion of the Supreme Court, this is the result which would have been reached in that court if section 1397 had been given what we hold to be the necessary construction of it. At any rate, it is the just result.

The judgment of the Supreme Court of Puerto Rico is reversed, and the case is remanded to that court for further proceedings not inconsistent with this opinion; the appellants recover costs of appeal.

BINGHAM, Circuit Judge (dissenting).

This is an appeal from a judgment of the Supreme Court of Puerto Rico of April 6, 1934, reversing a judgment of the District Court of San Juan of January 12, 1931, and dismissing the complaint.

The complaint was filed in the District Court of San Juan December 12, 1929. It was brought by Jose Roman Alonso and Manuel Alonso Monoz, sole members of Alonso Hermanos, a civil agricultural partnership, against Jose Matos, in which it was alleged that on March 1, 1929, the plaintiffs entered into a contract in which the defendant was to sell 122 head of cattle, of different genders, to the plaintiffs for the lump sum of $18,000; that the plaintiffs took possession of the cattle, agreeing to pay therefor as follows: $3,000 in cash on the date of the contract; $5,000 by the transfer of an urban piece of property; and the balance of $10,000 to be paid within two years, expiring March 1, 1931, with interest at 9 per cent. per annum, payable monthly, and to secure the $10,000 by a mortgage of property owned by Jose and Manuel. That on the date of the sale the cattle were apparently in good condition; that no notice to the contrary was given by the defendant to the plaintiffs, who had no knowledge of or experience in veterinary matters and were unable to discover at sight whether the cattle were suffering from any hidden disease; that long prior to March 1, 1929, the cattle thus sold were suffering from tuberculosis, a contagious disease; and that from March 18 to December 6, 1929, 43 of the cattle died of the disease (specifying the date of the death of each one and its color or marks); that, after a tuberculine test was made of the cattle, it was found that 29 more were affected with tuberculosis, contracted prior to the sale; and that the plaintiffs stand ready and willing to return to the defendant (and offer so to do) all the surviving cattle.

The prayer was that the court enter judgment declaring null and void, in accordance with section 1397 of the Revised Civil Code, the contract for the sale of the cattle of March 1, 1929, and the mortgage securing the balance of $10,000; that the entries of the mortgage deed in the Registry of Property of San Juan be canceled; that the plaintiffs recover of the defendant the sum of $8,000 paid for the cattle; and that the defendant pay costs and disbursements, etc.

In his answer the defendant admitted the making of the contract; that the plaintiff paid the first installment of $3,000 in cash and the second installment of $5,000 with the urban property transferred to him; and admitted that the plaintiffs agreed to pay the remaining $10,000 within two years with interest, which obligation was secured by the mortgage as alleged; but denied each and every other allegation of the complaint. He alleged as new matter that the cattle, on the date of the sale, were without vice or disease, occult or apparent, and were sold by him acting in good faith; that subsequent to the sale some of the cattle became affected with tuberculosis due to the fault of the plaintiffs in not properly feeding and housing them; and, as a special defense, among others, alleged that, if the plaintiffs had a cause of action, it had prescribed, inasmuch as it was brought after the expiration of forty days from the delivery of the cattle, under section 1399 of the Revised Civil Code.

In the District Court it was found that the cattle were to be used for dairy purposes; that 43 died and 29 were killed by the sanitary authorities due to their having tuberculosis; that the cattle died of a contagious disease; that those that were killed were first treated with the tuberculine test and the result was positive reaction; that the place to which the cattle were taken was in fair hygienic condition

and had sufficient water; that the autopsy practiced on some of the cows showed that a chronic cavernous condition existed which indicated that the cattle had been sick for a number of months; and that, at the time of the sale, part of the cattle was suffering from a contagious disease.

The District Court was of the opinion that, inasmuch as some of the cows were suffering from a contagious disease at the time of the sale, the object of the contract as a whole was wanting and the contract was null and inexistent; that the action set out in the complaint was not a redhibitory one; that it had not prescribed under section 1399 of the Civil Code; that that section was not absolutely mandatory; that, being of the opinion that the contract "never had any existence because it lacked one of the essential elements for its validity, the term to allege its nullity * * * [was] not limited by any period of prescription"; and that the injured party was only required to claim the inexistence of the contract with reasonable diligence.

In the Supreme Court of Puerto Rico that court, after reviewing the evidence, reached the conclusion that the District Court "had a right to find that a great number of cows sold were affected by tuberculosis at the time of the sale"; that "the preponderance of the evidence satisfies us that the disease was not contracted after the sale, at least with respect to a number of the cows"; that the disease "existing, as it did in some cases in an advanced form the court had the right to decide the facts as it did."

It said that the plaintiffs' contention was that the action was based exclusively upon the idea that the sale was *completely* null and void and inexistent because *a great part* of the cattle was affected by tuberculosis at the time of the sale, and came within the provisions of section 1397 of the Civil Code, which reads:

"Sec. 1397. Animals and cattle suffering from contagious diseases shall not be the object of a contract of sale. Any contract made with regard to the same shall be void.

"A contract of sale of cattle and animals shall also be void, when the use or service for which they are acquired being stated, they are found to be useless therefor."

After stating that tuberculosis was a contagious disease within the meaning of section 1397, the court in considering that section stated that its provisions were the same as those of section 1494 of the Spanish Civil Code of 1889; that the Spanish Code of 1889 was extended that year to Puerto Rico and was adopted in 1902 as its Civil Code; that the history of legislation in regard to vices of a thing sold for which a vendor gave a warranty shows that the vices in *animals* giving rise to a cause of action were characterized as redhibitory; that this was true from the time of the Ediles at Rome; that the "Latin word *redhibitio* means a return of the thing sold, or sometimes of part of the thing sold, with a right to obtain all or a part of the price paid"; that "a vice in an animal causing the annulment or rescission of a sale has always been considered as redhibitory, at least up to the enactment of the Civil Code of Spain of 1889," in which year sections 1397 and 1399 were added; that the plaintiffs' learned counsel "realized that in order to have a possibility of success in their suit they were bound to return or offer to return the animals, the subject of the contract, *whether diseased or not*," and for this reason offered to return the cows that remained in their possession; that the action stated in the complaint was necessarily a redhibitory action, "whatever else it may be characterized or whatever else it may be the effect of section 1397"; also, that the "action is a redhibitory one, whether the thing attempted to be sold can or cannot be the subject of a contract by reason of section 1397"; that the court had come to the same conclusion with Scaevola that "Homer slept" when the Legislature of Spain enacted section 1494 of the Spanish Code of 1889 (which is the same as section 1397 of the Civil Code of Puerto Rico); that the word "void" means "voidable" and the action is redhibitory; that in section 1397 (Spanish 1494) the Legislature "necessarily * * * meant to say that a contract could be rescinded or annulled as in other redhibitory actions, and that section 1397 does not exclude the *transaction made in this case* from the field of *warranty*." In other words, that there was an existing contract of sale to which the warranty could attach and having reached the conclusion, that the allegations of the plaintiffs' complaint disclosed that it was a redhibitory action because the facts found (that 72 of the cattle included in the contract had a contagious disease and the remaining 50 were sound)

necessarily rendered it redhibitory, that there was an existing contract of sale because the 50 sound cows would constitute the object of a contract, and that a rescission of it was necessary and required a return of the 50 sound cows to the vendor, the court proceeded to consider what it deemed the principal question in the case —whether the provision of 40 days within which to bring the action provided for in section 1399 of the Civil Code of Puerto Rico and article 1496 of the Civil Code of Spain applied, and held that it did. And, it appearing that the plaintiffs' action was not brought until December 12, 1929, some ten months after the making of the contract and the delivery of the cattle, it ordered the action dismissed.

After a careful consideration of the matter, I am of the opinion that, as applied to the allegations of the complaint and the specific facts found in this case, the court did not err either in holding that the action was redhibitory or that the right to prosecute it was barred.

But I think there are statements in the opinion, not necessary to the decision in the case, that go too far, for the provisions of section 1397 of the Civil Code of Puerto Rico (article 1494 of the Spanish Code) are not necessarily restricted to a redhibitory action, even though that section is included among other sections of the Code, the preface of which is "Warranty against hidden defects of or burdens of the thing sold."

The Civil Code of Puerto Rico in sections 1228 and 1238 (Revised Statutes and Codes of Puerto Rico 1913, §§ 4334, 4344), which correspond to articles 1261 and 1271 of the Spanish Civil Code, provide:

"Sec. 1228. There is *no contract* unless the following requisites exist:

"1. The consent of the contracting parties.

"2. A definite object which may be the subject of the contract.

"3. The cause for the obligation which may be established."

"Sec. 1238.—All things, even future ones, *which are not out of the commerce of man*, may be objects of contracts."

Section 1397 of the Civil Code, as we have seen, provides that "animals and cattle suffering from contagious diseases shall *not be the object* of a contract of sale."

Section 351 of the Penal Code makes the sale, use, or exposure of an animal having a contagious disease, if knowingly done, a crime; and section 352 of that Code provides that every animal having such a disease "shall at once be deprived of life by the owner or person having charge thereof, upon discovery or knowledge of its condition; and any such owner or person omitting or refusing to comply with the provisions of this section shall be guilty of a misdemeanor." Similar provisions are found in sections 118, 121, and 122 of the Revised Statutes and Codes of Puerto Rico 1913 (sections 4, 7, and 8 of the Act of March 4, 1907).

There can be no doubt, therefore, that cattle having a contagious disease are in Puerto Rico out of the commerce of man and cannot be made the object of a contract of sale; that, where a single animal having a contagious disease, or where several animals all having a contagious disease, are attempted to be sold, no contract of sale arises or can exist, for in neither case is there a lawful object of a contract and the attempted contract, under the provisions of section 1228, is nonexistent. Being nonexistent, there is nothing to rescind, and, no property being in the vendee's possession that can lawfully be returned, there is nothing to return; there being no contract of sale there is nothing out of which a warranty, express or statutory, can arise or to which it can attach, and an action to recover the price paid would not be redhibitory and the prescription periods of 40 days or of 6 months would not apply. Furthermore, under the law of Puerto Rico, when a contract lacks any one of the essentials prescribed in section 1228, so that no contract exists, no declaration of nullity is necessary before an action may be brought to recover the price.

In Valiente & Co. v. Succession of Abdon Fuentes Marrero, 76 F.(2d) 78, 83, this court said:

"It may be said, as heretofore pointed out, that under section 1228 of the Civil Code of Puerto Rico no contract exists where consent of the contracting parties is wanting [or where the object of a contract is wanting]; that such a contract is nonexistent and void, and a decree of nullity under section 1268 is not required, for the reason that that section, when read in connection with section 1267, is called into play only in the case of contracts *containing the requisites mentioned* in section 1228. Gonzalez et al. v. Fumero et al., 38 Puerto Rico, 497, and cases there cited."

And the Supreme Court of Puerto Rico, in the above-cited case of Gonzalez v. Fumero, in construing section 1228 of their Civil Code, said:

"The phrase 'there is no contract' excludes from that juridical qualification everything outside of the concurrence of the three requisites. If one of them is missing the contract is not born and does not become real."

It appears from what has been said that cases may arise where the facts are such that the express language of section 1397 will be applicable and an action will lie for the price paid without a redhibitory action or a prior suit for a declaration of nullity.

On the facts in this case, there being an existing contract to which a warranty attached, the plaintiffs had their election (Civil Code, § 1389 [Revised Statutes and Codes of Puerto Rico 1913, § 4495]) to sue on the warranty and recover the damages they sustained by its breach, or to return the sound cattle and recover the price paid. If they sued on the warranty, they had to bring their action within six months from the day of the delivery of the cattle (Civil Code, § 1393 [Revised Statutes and Codes of Puerto Rico 1913, § 4499]). If they sought to rescind the contract, they had to bring their action within forty days (Civil Code, § 1399 [Revised Statutes and Codes of Puerto Rico 1913, § 4505]). See Record, p. 40. The plaintiffs did not bring their action for more than ten months after the delivery of the cattle.

My associates apparently think that, although there was an existing contract of sale to which a warranty attached and on which warranty an action must be brought, if at all, within six months after delivery of the things sold, the plaintiffs nevertheless have six years within which to sue for money had and received, as if there were 122 distinct contracts of sale in each of which there was a fixed sum agreed upon and paid for each of the cows, diseased or sound, and that an action for money had and received can be maintained for the price of the diseased ones, although there was no distinct price agreed upon for each cow. It is perfectly apparent that an action for money had and received would not lie under the circumstances here disclosed and that it should not be held to lie in this case, for it would be substituting an action for money had and received for

an action for damages, which the warranty provided for, and extending the period within which suit might be brought from six months to six years.

In any event, it certainly cannot be said that, as applied to the plaintiffs' declaration and the particular facts of this case, the Supreme Court of Puerto Rico was clearly wrong in holding that the plaintiffs' action was redhibitory and, under the provisions of the Code, should have been brought within forty days after the delivery of the cattle. Diaz v. Gonzalez, 261 U.S. 102, 43 S.Ct. 286, 67 L.Ed. 550.