GLADNEY, Judge.
As a result of a collision on Montgomery Street in West Monroe, Louisiana, March 31, 1952, between his Crosley automobile and a gasoline truck owned by defendant, plaintiff, Odis Sanderson, instituted this action against the North Louisiana Wholesale Gas & Oil Company, Inc., to recover for property damage to his automobile and personal injuries received by him. It is alleged the automobile was a complete loss and that plaintiff suffered painful injuries including severe lacerations, bruises and shock.
The action arises from the alleged negligent act of defendant’s truck driver, Vance S. Harrelson, in pulling the truck onto the highway in front of plaintiff’s automobile without maintaining a proper lookout and in not making sure the street was clear of approaching traffic before attempting to enter it. Respondent defends by averring Harrelson was not negligent and that the collision was occasioned by Sanderson’s operation of his vehicle at an improper speed, without keeping a proper lookout and without having his automobile under proper control. It is also alleged that plaintiff was under the influence of liquor at the time. Alternatively, the same specifications of fault are made in support of a plea of contributory negligence. After trial judgment was rendered rejecting plaintiff’s demands.
Montgomery Street is a well lighted four lane east-west highway. On its north side is located the garage of Bill Barney, which is set back some distance from the street and is reached by a wide driveway, the street curb having been removed from practically the entire front. Just prior to the collision Harrelson had pulled the gasoline truck onto the driveway, and desiring to park his truck without blocking too much the entrance, he brought his truck to a standstill at a forty-five degree angle to the street with only the right front wheel of the truck protruding into the street. He was seated at the wheel and preparing to back his truck so that it would be parallel to and entirely off of the street when he noticed a vehicle which proved to be plaintiff’s car •bearing down upon him. It was about 7:30 P. M. and the lights of both vehicles were burning. When about 40 feet from the truck Sanderson applied his brakes, which caused the automobile wheels to skid. The testimony disclosed impressions from the two right tires of the Crosley car on the neutral ground north of the street. Sander-son was driving westerly at the time. The truck was facing eastward somewhat toward the south. An automobile was parked on the north side of Montgomery Street about 30 feet from the truck. Harrelson testified he was at a complete stop and did not move his truck after observing the approach of plaintiff’s car. There was no *570 traffic in the other lanes of the street which would have prevented plaintiff from avoiding the accident by turning slightly to the left. Several witnesses testified that if plaintiff had not struck the truck he would have collided with the automobile parked just to the west of the truck.
There is some evidence that Sanderson had been drinking. Officers Martin and Smith, members of the West Monroe police force, arrived at the scene of the accident immediately after it occurred and both expressed the opinion that plaintiff was intoxicated at that time. Sanderson admitted that immediately after the accident his first thought was to get rid of a bottle of wine which he had in his possession and in doing so he crossed the street and threw the bottle behind a grocery store. This was observed by witnesses and the bottle was later produced in court where plaintiff was charged with driving while intoxicated. Be this as it may, plaintiff was acquitted of this charge.
Plaintiff testified that when he was about SO feet from the truck he suddenly became blinded by the lights of defendant’s truck. He is contradicted on this point by several witnesses who said that because of the angle of the truck to the street Sanderson could not have been blinded by its lights. He says he immediately applied his brakes but the car skidded and pulled over to the left partly out of the street and struck the truck. He takes the position that the accident was caused by Harrelson suddenly driving the truck into the street.
Counsel for the appellant has cited Roberts v. Eason, 1927, 6 La.App. 703; Sexton v. Stiles, 1930, 15 La.App. 148, 130 So. 821; Chitwood v. King, La.App., 1934, 155 So. 466, and Honeycutt v. Carver, La.App., 1946, 25 So.2d 99. We have carefully read each of these cases but in our opinion the authorities do not sustain plaintiff’s position as the facts are in no wise analogous.
The issues raised in this appeal turn entirely upon questions of fact. The rule is too well recognized to require citation of authority that findings of fact by the trial court will not be disturbed unless clearly erroneous. This rule should be respected by appellate courts as the trial court alone has the privilege of observing the demeanor of witnesses and is, therefore, in a better position to pass upon their veracity.
The record does not contain written reasons by the trial judge. We must, therefore, assume that the court determined plaintiff’s case was not made out by a preponderance of the evidence or that plaintiff was negligent to the extent that recovery must be barred. In our opinion the judgment must be sustained on the evidence adduced, which indicates plaintiff was not keeping a proper lookout and did not have his vehicle under proper control.
For the reasons aforesaid we find no error in the judgment from which appealed, and, accordingly, it is affirmed at appellant’s cost.