GLADNEY, Judge.
The defendant has appealed from a judgment, the effect of which is to sustain plaintiff’s redhibitory action relating to a forage harvester machine and to require the return of the cash payment made by plaintiff to defendant on its purchase price. The principal defense urged upon appeal is that the judgment of the trial court is in error in *49 finding redhibitory vices in the machine sold.
On August 3, 1953, Herbert L. Williams purchased from defendant a new Holland Forage Harvester for $1,834 on which amount Williams paid $409 in cash. At the time of the sale it was represented to Williams that the machine was in as good condition as new and had been used for demonstration only about three days.
A few days later, on August 5th, the machine, having been serviced and tested by defendant, was delivered to the field of G. Wilmer Robertson upon instruction from plaintiff. On the next day defendant sent his agent, Roy Sullivan, to show Williams and others present how the machine should be started and operated. It appears that from the beginning of its operation and while Sullivan was present the machine would become constantly choked with grass and necessitated frequent stoppage and cleaning out of grass and forage to enable the machine to continue to operate. On Friday it was found that the cutter knives were striking the shear plate and some of the belts were loose and slipping, requiring adjustments and repairs in the field. These facts and other troubles with the machine hereinafter referred to were testified to by plaintiff, Alton Robertson, G. Wilmer Robertson and Wesley G. Labat, all of whom were constantly present during the operations of the machine, except G. Wilmer Robertson who was near by and went out to the machine to find out what caused the delays in moving the forage to the silo. On Saturday, August 8th, one of defendant’s mechanics and the field representative of the manufacturing company came out to the machine and made adjustments during which he removed several links from the elevator chain. He instructed the operator to drive the machine faster. On this occasion the field representative found the guide plate had been removed from the machine and should have been on it when delivered to Mr. Williams. Some time later the housing to the drive shaft fell off and this required further repairs. The machine operated a short while on August 10th and August 11th. On August 10th the main drive shaft from the motor to the cutter bar fell from the machine and disabled it. Again repairs were made and after the machine operated a short distance the main elevator drive shaft broke in - twain. The last breakdown was such -that the machine had to be returned to defendant’s shop in Alexandria for major repairs.
On August -15th plaintiff wrote defendant advising that he would not keep the machine which was worn out and could not be depended upon to harvest crops, and demanded the return of the amount of cash paid on the-purchase price. Defendant then removed the machine from Robertson’s field to his place of business at Alexandria. Ira J. Hamilton and Sam Marler, employed-by defendant as mechanics, testified that in repairing the machine after it was returned to the shop they replaced the idle shaft, two idler sprockets, the main drive shaft, the driven gear, the drive gear, several links in the elevator chain and one bearing which was missing.
The machine was originally acquired from the factory by defendant on August 10, 1950. In response to interrogatories propounded by plaintiff, defendant admitted that the machine had been demonstrated before some eight different witnesses who testified that at'times between 1950 and 1952 they observed the machine operate at short intervals and it appeared to perform satisfactorily. Representatives of other implement dealers were called as witnesses to testify that certain stoppages and breakdowns were to be expected'from farm machinery. Some of these witnesses were called to view the operation of the machine sold to plaintiff a'few weeks prior to the trial. It appears that the demonstration was rather short and certainly was not a proper test to determine if the machine was in condition to perform the service anticipated by the buyer and seller when it was sold to Mr. Williams.
The obligation of the seller found in Article 2476 of the LSA-Civil Code is to secure the purchaser in the peaceable possession of the thing sold and to warrant him against the hidden defects of the thing *50 sold or its redhibitory vices. In interpreting this article our courts have consistently held that unless the warranty is waived the seller warrants the thing sold as suitable for the purpose intended. An action of redhibition seeks to avoid a sale on account of some vice or defect in the thing sold, which renders it either absolutely useless, or its use so inconvenient and imperfect, that it must be supposed that the buyer would not have purchased it, had he known of the vice. Article 2520 of LSA-Civil Code. See: Aubry v. Todd, La.App., 1952, 55 So. 2d 276; J. B. Beaird Company, Inc., v. Burris Brothers, 1949-1950, 216 La. 655, 44 So.2d 693 ; Bonnette v. Ponthieux, La.App., 1949, 41 So.2d 127; Levy and Company v. Pierce, La.App., 1949, 40 So.2d 818; Kuhlmann v. Purpera, La.App., 1947, 33 So.2d 84; Henderson v. Leona Rice Milling Company, 1926, 160 La. 597, 107 So. 459.
The testimony of both the defendant and his salesman, Roy Sullivan, concedes the machine sold to Williams was warranted to be in as good condition and to perform as a new machine. The preponderance of the evidence found in the record clearly shows that the condition of the machine was not as represented and that it did not perform suitably for the purpose intended by the parties to the sale. Other testimony demonstrated that the machine sold to Williams did not produce the usual or expected quantity of forage during the time the machine was operating. Although the machine was approximately three years old at the time it was sold to Williams, defendant testified he considered it as good as a new machine and so represented it as such. However, in the meanwhile many parts, including carbureter, fuel pump and the shaft were removed from the machine .to be placed on other machines. It is also indicated the machine had been used on a number of demonstrations. Roy Sullivan refused to testify the parts replacing those so removed from the machine prior to its sale were new, though he said he believed so. Williams, who witnessed the removal of a broken shaft testified without refutation the shaft was apparently not new. Because of the performance of the machine and the unsatisfactory evidence as to its condition at the time it was sold, we are of the opinion that plaintiff has established proof of his cause of action.
In concluding that plaintiff is entitled to judgment we are in accord with the finding of the trial judge upon the purely factual issues herein presented. A well-settled principle of law applicable herein is that the findings of fact of the trial judge will not be disturbed unless manifestly erroneous. See: Crawford v. Abbott Automobile Company, 1924, 157 La. 59, 101 So. 871; Sanderson v. North Louisiana Wholesale Gas & Oil Company, Inc., La.App., 1954, 72 So.2d 568.
It follows from our findings as herein-above stated that the judgment from which appealed should be and is hereby affirmed at appellant’s costs.