LOTTINGER, Judge.
This is an action in redhibition and for damages and attorney fees arising out of the sale of an automobile by Holmes Ford, Inc. to petitioner, S. L. Long. The Ford Motor Company, manufacturer of the automobile, was joined as a party defendant. The Lower Court rendered judgment in favor of petitioner and against the defendant, Holmes Ford, Inc., and said defendant has taken a suspensive appeal.
The record discloses that on March 21, 1958, the defendant, Holmes Ford, Inc., sold to petitioner, S. L. Long, a 1958 model Ford Custom 300 sedan for the total price, including sales tax, license and title, of $2,-966.25. As a part of the sales transaction, the purchaser traded a 1956 Chevrolet for which he was allowed $1,166.25, and on which he owed the sum of $875.00, thus giving petitioner an equity of $291.25 in the Chevrolet automobile. Mr. Long paid, in addition to the trade in, $295.00 cash, leaving a net balance due of $2,380.00, which amount was financed.
On April 2, 1958, petitioner brought the Ford which he had purchased into the maintenance department for the 1,000 mile inspection, at which time there was a speedometer reading of 944 miles on the automobile. At this time, according to the records of defendant which are filed in evidence, the rear deck of the automobile was *35 aligned, and other conditions remedied •which are in no way at issue in this case. On April 7, 1958, Mr. Long again returned with the complaint that the trunk leaked dust, and on April 29, 1958 he again complained of a water leak in the trunk. These complaints were corrected, as was admitted by the petitioner. Mr. Long made several other trips to the defendant company with various and sundry minor complaints with regard to the condition of his automobile. Among these complaints was the entry of water entering the car from the vicinity of the right rear fender. Upon inspection of the vehicle, the point of the leak was found and it was remedied. This leak was between the spot welds which are used to join the fender with the body of the car. Other leaks of which petitioner complained, and were promptly corrected, during this period, were a leak to the rear tail lights, and a leak in the rear glass of the automobile. At trial, the petitioner testified that “They really tried to fix it for me. They treated me just as nice as a person could treat me but they never did get the job done.” This testimony on the part of petitioner has reference to a leak which developed in the right rear door of the automobile, some six or more months after the purchase of the automobile. This latter leak to the rear right door forms the basis of this lawsuit.
The defendant, Holmes Ford, Inc., denies that there are any vices or defects in the automobile for which it is accountable to petitioner, and stipulated in its answer that it stands ready to adjust any defect, vice or malfunction in said vehicle without cost to plaintiff, although the warranty period had expired. The other defendant herein, Ford Motor Company, filed an exception of no right of action as against it.
After hearing on the matter, the Lower Court rendered judgment in favor of petitioner and against defendant, Holmes Ford, Inc., rescinding, annulling and setting aside the sale of the Ford automobile, and for the return of the purchase price to petitioner in the sum of $3,600.00. The judgment also awarded petitioner damages in the sum of $300.00 for inconvenience and annoyance, $400.00 for attorney fees, making a, grand total of $4,300.00, subject to a credit of $925.70, being a net judgment in the sum. of $3,374.23. Defendant, Holmes Ford, Inc., took a suspensive appeal.
Articles 2520 et seq. of the LSA-Civil. Code deal with redhibition of a sale because of some vice or defect in the thing sold. Article 2530 of the LSA-Civil Code provides as follows:
“The buyer who institutes the red-hibitory action, must prove that the vice existed before the sale was made to him. If the vice has made its appearance within three days immediately following the sale, it is presumed to have existed before the sale.”
In the present suit, the evidence discloses that the first trouble of which petitioner complained appeared some week or ten days subsequent to the date of the sale. This trouble was with reference to the shock absorbers or springs, and was immediately remedied by Holmes Ford, Inc. Subsequently thereto, various small troubles developed with the automobile which were remedied free of charge by the said defendant. In his testimony the petitioner stated that said defendant was very courteous and remedied all these defects of which he complained except the leak in the right rear door. With regard to this particular leak, he testified that it was first noticed some five or six months after his purchase of the automobile, after which he returned the automobile to defendant to have this leak remedied. According to his testimony, which is very vague with regard to specific dates, after this one attempt to have the rear door leak remedied, he made no further trips to the defendant company in order to remedy the situation. He then turned the matter over to his attorney who wrote a letter to defendant company relative to the alleged vices and defects in the automobile, and, immediately upon receipt of this letter, the defendant company sent its representative to petitioner’s home to *36 request the petitioner to bring the car into tire garage so that this leak might be repaired free of charge. In response to this request petitioner testified that he did not take the car back to the garage because he had already turned the matter over to his attorney, and this suit was filed shortly thereafter.
It is the position of petitioner that these various complaints constituted a vice or defect in the automobile for which petitioner has a remedy in redhibition. However, it appears to us that these various complaints were to different parts of the automobile, and all of them were immediately remedied by the defendant company except this last complaint which developed as a leak in the right rear door. Prom the testimony of petitioner himself, this leak did not appear until some five or six months after his purchase of the automobile, and the witnesses testifying relative to same did not know this condition existed until at least six months after the purchase of the automobile.
At the time of the trial of this matter, during February, 1960, which was some 22 months after the purchase of the car by petitioner, the speedometer reading thereon was 30,517 miles. The petitioner is a painter by trade and used the vehicle in going to and from work, and carried his painting equipment with him in the automobile. Considering the use made of the car by petitioner, the long period of time which elapsed between his purchase of the automobile and his first knowledge of the leak to the right rear door, we certainly feel that he has failed to prove his right of redhibition herein, particularly in view of the three-day limitation as is provided in Article 2530 of the LSA-Civil Code. This provision is that if the vice has made its appearance within three days immediately following the sale, it is presumed to have existed before the sale. According to the testimony of petitioner himself, the right rear door leak did not develop until some five or six months subsequent to his purchase of the automobile, which fact placed upon petitioner the burden of proving that this defect did exist prior to his purchase of the automobile. This he has failed to do.
We do not believe that the contention of petitioner that the series of troubles which developed and were remedied prior to the appearance of the leak in the right rear door can be considered in this suit for redhibition. All of these troubles were remedied free of charge by the defendant, and the only basis for this suit is the said leaky door. To hold otherwise, would, in our judgment, cast an undue burden upon the vendor of equipment such as automobiles which are subject to such usage as would normally cause the development of various and sundry complaints.
For the reasons hereinabove assigned, the judgment of the Lower Court will be reversed, and there will be judgment herein in favor of defendant, Holmes Ford, Inc., and against petitioner, S. L. Long, dismissing this suit, all costs to be paid by petitioner.
Judgment reversed.