BAILES, Judge.
This is an appeal from the judgment of the district court in favor of Joseph C. Franklin, plaintiff in the third party demand, and against Bob Williamson Motors, Inc., third party defendant, granting rescission of the sale of an automobile from third party defendant to third party plaintiff and awarding the latter judgment in the amount of the total credit sale price of the automobile, plus interest, attorney fees and costs.
The main demand involved action by Universal C. I. T. Corporation against Franklin to recover the sum of $1054.80, plus interest and attorney fees, less a returned insurance premium of $67.21. As the plaintiff in the main action was a holder in due course of the promissory note executed by defendant, Franklin, in payment of the credit portion of the sale, and the alleged redhibitory vices could not be pleaded against Universal, the facts necessary for the rendition of judgment in favor of Universal and against Franklin were stipulated by the parties. The trial court awarded Universal judgment in the amount prayed for by it against Franklin. This appeal does not involve the correctness vel non of the judgment rendered on the main demand, and the issues of that phase of the action for no part of this appeal.
The third party defendant, being aggrieved by the judgment of the district court rendered adverse to its interests, appealed. We find the judgment appealed from must be reversed.
The facts of this dispute between Franklin and the Bob Williamson Motors, Inc., (Vendor) are virtually without dispute. On May 2, 1964, Franklin purchased from Vendor a used Rambler station wagon. On May, 6, 1964, Franklin’s wife had difficulty in starting the automobile, and the next day it was driven back to the Vendor’s place of business where it was determined that certain minor repairs or adjustments were required. On the following Monday, May 11, Franklin’s wife was unable to start the engine of the automobile and on May 15, Franklin brought the vehicle back to the Vendor’s place of business. At first, on this occasion, it was determined by Vendor’s used car mechanic that the carburator needed to be overhauled and the head gasket needed to be replaced. This determination was made because symptomatically the carburator was flooding and two of the cylinders were losing compression. While in the process of adjusting the carburator, the mechanic discovered that the engine had a knock and that in order to correct this condition it would be necessary to replace the connecting rod bearings. When this was found by the mechanic, the used car manager instructed the salesman who sold the vehicle to Franklin to discuss the repair of the engine with Franklin and advise him that he would be expected to pay for the parts used in this work. This work was discussed with Franklin and the salesman told Franklin that he would be expected to pay for one-half of the cost of the parts used in this corrective work. Franklin agreed for the repairs to be done and further agreed to pay for one-half the cost of the parts.
On or about May 18, 1964, the repair work was completed and the next day *14 Franklin took delivery of the vehicle. While a minor dispute arose between the Vendor and Franklin regarding what portion of the parts Franklin was to pay for, the Vendor abandoned its demand for payment of the parts; however, on June 5, 1964, Franklin sent the Vendor a money order for one-half of the cost of the parts, this being the sum of $9.40.
The record is abundantly clear that Franklin, at no time subsequent to May 19, 1964, made any further complaint to the Vendor about any fault, vice or defect in the subject vehicle. Even so, on June 9, 1964, Franklin drove the Rambler station wagon back to the Vendor’s premises and abandoned it. The vehicle remained at the Vendor’s place of business until at least the day of the trial in the district court. Employees of the Vendor testified that even on the day before the trial, they drove the vehicle and found it to be in good mechanical condtion. Franklin offered no testimony or proof whatever that there was anything deficient about the vehicle after he accepted delivery of it on May 19, 1964.
In his action to rescind the sale, Franklin alleged that the automobile was unfit for the use for which it was intended, which alleged defects he itemized as consisting of “defective main bearings, defective distributor, defective carburator, defective motor and other defects sufficient to prevent the automobile from running, the exact nature and extent of which were unknown to him.”
The record before us conclusively demonstrates to us that all of the defects which existed in this automobile were corrected by the Vendor by and with the express permission of the buyer, and that after the defects of which he complained had been corrected, the buyer did not again register any complaint with the Vendor of any further deficiencies.
While the defects originally found in the automobile might have given rise to a rescission of the sale because of redhibitory vices, the purchaser cannot be heard to complain of these vices in as much as he voluntarily consented to have the Vendor make the necessary repairs to restore the vehicle to good condition.
Where there has been an agreement to repair known defects or vices in the thing sold, and those defects have been repaired and the object of the sale has been restored to good condition, those defects cannot later serve as grounds for rescission of the sale. See Long v. Holmes Ford, Inc., et al. (1962) La.App., 138 So.2d 34.
For the foregoing reasons, the judgment of the trial court is reversed, and there is judgment herein in favor of Bob Williamson Motors, Inc., and against Joseph C. Franklin dismissing his third party demands against Bob Williamson Motors, Inc., at his costs.
Reversed and rendered.